```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


WESLEY ROOSEVELT WILLIAMS,

              Plaintiff,
                                      CIVIL ACTION
       vs.                            No. 05-3436-SAC

JOHNSON COUNTY JAIL, et al.,


              Defendants.
```

ORDER

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner confined in the Johnson County Adult Detention Center. Plaintiff proceeds pro se.

**Background**

The complaint alleges:

I told Sgt. Wise of Deputy Long actions as Deputy Long lied to him, and he went along with Deputy Long. I told Lt. Lowhead about the way they do our meals and do not respect the dusk till dawn of prayer and meal, they serve our meal cold, some officer will not let us use the microwave to heat up our food. They have sent meals that look like it come out of garbage. I told Deputy Howell [illegible]. He state as you'll see on the grievance. (Doc. 1, p. 3.)

Plaintiff states that he seeks damages because he is

falsely imprisoned.  Id.

The record contains several grievances filed by plaintiff[1]:

September 22, 2005: Asks for placement on Ramadan list. Response: Approved.

September 24, 2005: Notifies staff that he has been approved for Ramadan.  Plaintiff states that he does not consume meat, and he appears to seek substitute items.  Response: Ramadan meals are pre-determined.

October, 2005: Alleges disrespect for his religion because his meal was served at 8:00 p.m. on October 3.  He also claims that his morning meal was not served before daylight. Response: staff will check with the kitchen regarding when Ramadan meals are served.

October 5, 2005: Complains of time Ramadan meals are served. States morning meal is to be served at 5 a.m. and evening meal at sundown.  Response: Ramadan observance will be respected and meals served at appropriate times.

October 17, 2005: Complains of meals being brought late, and states that he asked a deputy to check with other staff before throwing food away.  Requests that meals be served on time. Response: Grievance is unfounded.  Food service items are removed after meal time.  During Ramadan, meal service is made before sunrise and after sunset.

October 17, 2005: Complains of meal service not made before dawn and too close to prayer time; also complains of intercom system being shut off.  Response: Meals are served before dawn, and plaintiff has been released from his cell as early

---

[1] Portions of the handwritten materials submitted by the plaintiff are illegible.

as 4:30 a.m. for coffee.  The public address system was interrupted due to  a malfunction.

## Discussion

The Prison Litigation Reform Act of 1996 established that a prisoner must present claims through available administrative remedies before bringing a federal civil action seeking relief.  42 U.S.C. § 1997e(a).  In the Tenth Circuit, the plaintiff has the burden of pleading exhaustion of administrative remedies, and "a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity."  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1211 (10th Cir. 2003).

It also is settled in the Tenth Circuit that the Prison Litigation Reform Act requires a prisoner to exhaust all claims through the available administrative grievances, and "the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice."  Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

The court has carefully examined the material submitted

by the plaintiff and finds two of the claims presented in the complaint, namely, that meals are served cold and that the quality is poor, are not among the claims enumerated in the grievances. Instead, the grievances challenge the time of meal service and the disposal of food service items by a deputy. Therefore, the claims in the complaint have not been fully exhausted, and this matter must be dismissed.

Finally, to the extent plaintiff may seek damages based upon allegedly unlawful confinement, he must seek first seek relief from his conviction through appeal, and, if necessary, through habeas corpus. Only if plaintiff obtains relief from his conviction may he pursue a related claim for damages. See Heck v. Humphrey, 512 U.S. 477 (1994)(state sentence must be invalidated prior to institution of § 1983 action for damages based upon unconstitutional confinement).

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice due to plaintiff's failure to present all of his claims through administrative remedies.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 23rd day of November, 2005.


                                S/ Sam A. Crow
                                SAM A. CROW
                                United States Senior District Judge